**OKLAHOMA PRESS PUBLISHING COMPANY, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 68–111.**

United States District Court
E. D. Oklahoma.

May 1, 1969.

As Amended June 24, 1969.

**674**

Donald Moyers, Tulsa, Okl., A. Camp Bonds, Muskogee, Okl., for plaintiff.

William J. Settle, U. S. Atty., Muskogee, Okl., John O. Jones and Gene A. Castleberry, Fort Worth, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LANGLEY, Chief Judge.

The above entitled case came on for trial at Muskogee, Oklahoma, on April 16–17, 1969, and after hearing all of the evidence and oral argument of counsel, the Court being fully advised in the premises makes the following findings of fact and conclusions of law:

1. Under the pleadings filed herein, the following facts are admitted:

(a) Jurisdiction of this action is conferred by Section 1346(a) (1) of Title 28 of the United States Code.

(b) Plaintiff is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business at 220 Wall Street, Muskogee, Oklahoma.

(c) This is an action to recover federal income taxes collected from the plaintiff under the Internal Revenue Laws of the United States, particularly under the application of section 531 of the Internal Revenue Code, for the calendar years 1962, 1963, and 1964 in the respective amounts of $31,825.24, $31,891.43, and $58,999.10.

(d) Plaintiff duly and timely filed its federal income returns for the calendar years 1962, 1963, and 1964, with the District Director of Internal Revenue for the District of Oklahoma, and paid the taxes shown to be due thereon.

(e) Thereafter, upon examination of said returns, the District Director determined, inter alia, that the plaintiff was subject to tax under section 531 of the Internal Revenue Code of 1954 for each of the taxable years here involved which resulted in the payment of additional income taxes attributable to the application of section 531 as follows:

| | |
|---|---|
| 1962 | $27,047.31 |
| 1963 | 28,509.71 |
| 1964 | 55,732.27 |

The above amounts were paid to the District Director of Internal Revenue at Oklahoma City, Oklahoma, under dates of March 4, 1966 and March 18, 1966. Interest applicable to the above tax for each of the respective years was also paid at the same time as the above taxes in the respective amounts of $4,777.93, $3,381.72, and $3,266.83.

(f) On September 11, 1967, plaintiff filed with the District Director of Internal Revenue at Oklahoma City claims for refund of the income taxes and interest paid as above described. Copies of said claims are attached to the Complaint in this action.

(g) Under date of March 15, 1968, the claims described above were rejected by the Internal Revenue Ser-

vice, acting through the Commissioner of Internal Revenue.

2. Plaintiff brings this suit for refund for the amounts stated in the above claims, alleging an erroneous determination by the Commissioner of Internal Revenue that the plaintiff is subject to tax under section 531 of the Internal Revenue Code of 1954.

3. Plaintiff is engaged in publishing a daily morning and evening newspaper in Muskogee, Oklahoma. It also publishes a Sunday paper which is a combination of the morning and evening papers. In the years 1962–64, the circulation of its morning paper was approximately 16,000, the evening paper 3,000, and the Sunday paper 19,000.

4. Beginning in 1943 and from time to time since that year, by appropriate corporate board action, recorded in its minutes, the plaintiff established and maintained a practice of providing out of its annual earnings reserves for various specific needs in its business, principally to cover equipment replacements, self insurance, contingencies peculiar to the newspaper business such as competition, libel suits and strike circumstances, funding of its bond debt, radio station expansion requirements, and contractual obligations with its principal officer upon retirement. All of these reserve accounts were related specifically to the plaintiff's business requirements. Such specific individual reserves were reflected as liabilities on the plaintiff's balance sheets and were not regarded as available for the operating or working capital needs of the plaintiff's daily business. An Exhibit reflecting these reserves from 1943 through 1964 is in evidence and incorporated herein by reference.

5. Plaintiff, as do many newspapers similarly situated, believed it essential to its operations to maintain a complete independence, financial and professional, in the operation of its business.

6. Balance sheets, earnings statements, and condensations thereof for the years 1959 through 1964 are in evidence and incorporated herein by reference.

In addition to the Exhibit referred to in paragraph 4 above as to appropriated earnings, an Exhibit reflecting plaintiff's unappropriated earnings for the years 1955 through 1964 is also in evidence and by reference made a part hereof.

7. During the years 1962–64, plaintiff's annual operating expenses averaged approximately $857,000 and its working capital needs required the maintenance out of its unappropriated earnings of one-half of this amount (six months operation).

8. During the years 1962–64, the earnings appropriated for the specific items enumerated related to definite needs of the plaintiff's business and such appropriations were conservative so that actual expenditures for specific items in excess of appropriated amounts therefor would have to be taken from plaintiff's unappropriated earnings, as would its working capital requirements.

9. Had the plaintiff distributed all of its earnings and profits in each of the years 1962, 1963, and 1964, to four of its principal stockholders, the individual income taxes of these stockholders for those years would have been increased a total of $238,889.79.

10. The evidence establishes that the plaintiff's accumulation of earnings and profits did not exceed the amount that a prudent businessman would consider appropriate for the plaintiff's business purposes and for the reasonably anticipated future needs of its business. The evidence further establishes that the need to retain such earnings and profits was directly connected with the needs of the plaintiff corporation and was for bona fide business purposes. The evidence further establishes that the future needs of the plaintiff's business required such accumulations and that the plaintiff had specific, definite and feasible plans for the use of such accumulations. It follows that for the tax years here involved, 1962–64, plaintiff corporation was not formed or availed of for the purpose of avoiding income tax with re-

spect to its shareholders since it did not permit its earnings and profits to accumulate beyond its reasonable business needs in those years.

## CONCLUSIONS OF LAW

11. The Court has jurisdiction of the parties in this cause of action.

12. The issue to be determined is principally one of fact. The evidence clearly establishes that the accumulated earnings of the plaintiff were reasonably needed in its business in each of the years 1962, 1963 and 1964, and were not accumulated for the purpose of avoiding income tax on its shareholders.

13. Plaintiff is entitled to judgment and to recover from the defendant an overpayment of income taxes for the years 1962, 1963, and 1964 in the respective amounts of $31,825.24, $31,905.48 and $59,004.44, plus interest according to law.